UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL L. WASHINGTON,

    Plaintiff,

v.                                               Case No. 12-C-181

JUDGE GERALD PTACEK, ZOE STOWERS,
and THE STATE OF WISCONSIN

    Defendants.

## SCREENING ORDER

Plaintiff Washington, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at the Racine County Jail.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He also filed the required affidavit of indigence. Further, he has been assessed and has paid an initial partial filing fee.

Upon review of the trust account statement and affidavit, I am satisfied that plaintiff is unable to pay the statutory filing fee in this case. Leave to proceed *in forma pauperis* therefore will be granted.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests*." Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id*. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff brings this lawsuit against the judge who presided over his criminal trial and the assistant district attorney who prosecuted him. He alleges that they improperly amended the charge against him during his trial. He seeks six million dollars in damages.

Plaintiff's conviction has not been overturned, but because he has been released from custody (at least as to that conviction), it does not appear that *Heck v. Humphrey* would be a bar to his claim. *Pickens v. Moore,* 806 F. Supp. 2d 1070, 1075 (N.D. Ill. 2011). In any event, courts may proceed to address the merits of a claim even if *Heck* did come into play. *Polzin v. Gage,* 636 F.3d 834, 838 (7th Cir. 2011). Here, the claims against the judge and prosecutor are barred by immunity.

Judges enjoy immunity for rulings and actions they make in their official capacity while they have jurisdiction over a case. Here, the allegation is simply that the judge made an error of law in allowing an amendment to the charge against the Plaintiff. The proper course in such a situation is to appeal and have the error reversed through appellate procedures, not through a civil rights lawsuit filed seven years later:

> If a judge errs "through inadvertence or otherwise, a party's remedy is through appellate process." Judicial immunity extends to acts performed by the judge "in the judge's judicial capacity." That is, judicial immunity applies "to judicial acts, but not to ministerial or administrative acts."

*Dawson v. Newman,* 419 F.3d 656, 660-61 (7th Cir. 2005) (citations omitted).

The same holds true for the prosecutor. A prosecutor is absolutely immune from § 1983 civil liability when he "acts as an advocate for the state but not when his acts are investigative and unrelated to the preparation and initiation of judicial proceedings." *Smith v. Power,* 346 F.3d 740, 742 (7th Cir. 2003) (citing *Buckley v. Fitzsimmons,* 509 U.S. 259, 273 (1993)). Here, the allegation is simply that the prosecutor made an error or acted improperly by requesting an amendment to the charge against Plaintiff during the trial. This was an action within her prosecutorial capacity, meaning she is absolutely immune.

Finally, the same holds true to the extent these individuals are sued in their official capacity (the State of Wisconsin is named as a plaintiff.) A suit for damages against the state is barred by the sovereign immunity of the State of Wisconsin. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989); *Nowicki v. Cooper,* 56 F.3d 782, 784 (7th Cir.1995). Apart from an official-capacity claim, there is nothing in the complaint suggesting that the State or its Department of Corrections (also named) would be liable under these circumstances. Accordingly, any claims against these parties are dismissed as well.

4

For the reasons given above, the motion to proceed IFP is granted, meaning that the filing fee may be paid over time. The case is DISMISSED.

IT IS FURTHER ORDERED that the warden of the jail or his designee shall collect from the plaintiff's prison trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

IT IS FURTHER ORDERED that the clerk of court enter judgment accordingly.

I FURTHER CERTIFY that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated this   9th   day of April, 2012.

                                              s/ William C. Griesbach
                                              William C. Griesbach
                                              United States District Judge